**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JOHN C. DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. CIV-06-0229-HE |
| ) | |
| OKLAHOMA DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff John Davis, a *pro se* state prisoner, instituted this action pursuant to 42 U.S.C. § 1983,[1] alleging violations of his constitutional rights.  Pursuant to 28 U.S.C. § 636(b)(1)(B), this matter was referred to Magistrate Judge Valerie K. Couch, who recommended that plaintiff's motion for injunction, plaintiff's motion for default judgment as to defendants Justin Jones and Rose McNutt, plaintiff's motion for default judgment as to defendant Laboratory Corporation of America ("LabCorp"), and plaintiff's motion to reconsider be denied.  Magistrate Judge Couch further recommended that the motion to dismiss of Defendants Jones, Captain Davis, Sergeant Ranells, Randall Workman, Josh Lee, Sergeant Duncan, and Oklahoma Department of Corrections ("DOC defendants") be granted as to Count 15 in plaintiff's Second Amended Complaint, dismissing these claims with prejudice, granted as to Count 16, dismissing these claims without prejudice, and denied as to the remaining counts.  The Magistrate Judge also recommended denying defendant

---

[1] Plaintiff incorrectly stated that his action was brought pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

LabCorp's motion to join the DOC defendants' motion to dismiss and giving plaintiff an additional sixty days to effect service on defendant McNutt.

Defendant has filed an objection to the Magistrate Judge's Report and Recommendation. However, defendant's objection rests primarily on conclusory statements and does not offer any new arguments in response to the Magistrate Judge's thorough and well-reasoned Report and Recommendation.

After the Magistrate Judge issued her Report and Recommendation, which referred to the requirement in the Prisoner Litigation Reform Act of 1995, 42 U.S.C. § 1997e et seq., that a prisoner's administrative remedies be exhausted, the United States Supreme Court handed down its decision in Jones v. Bock, Nos. 05-7058 & 05-7142, 2007 WL 135890 (Jan. 22, 2007), addressing this requirement. However, as the Report and Recommendation did not reject any of the plaintiff's claims based on a failure to exhaust administrative remedies, neither the change in the law effected by Jones nor the Magistrate Judge's reference to the pre-Jones standards impacts the decision in this case.

Having considered the plaintiff's objections and having conducted a de novo review, the court concurs with the Magistrate Judge's conclusions. Accordingly, the court **ADOPTS** the Report and Recommendation. Plaintiff's motion for injunction [Doc. #3], plaintiff's motion for default judgment as to defendants Jones and McNutt [Doc. #41], plaintiff's motion for default judgment as to defendant LabCorp [Doc. #55], and plaintiff's motion to reconsider [Doc. #56] are **DENIED**. DOC defendants' motion to dismiss [Doc. #52] is **GRANTED** as to Counts 15 and 16 of plaintiff's Second Amended Complaint and **DENIED**

as to the remaining counts.  Count 15 is dismissed with prejudice and Count 16 is dismissed without prejudice.  Defendant LabCorp's motion to join the DOC defendants' motion to dismiss [Doc. #59] is **DENIED**.  Plaintiff is granted **sixty (60) days** from the date of this order to effect service on defendant McNutt.

**IT IS SO ORDERED**.

Dated this 20th day of March, 2007.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE